IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05797-PAB

MIGUEL ANGEL CRUZ RODRIGUEZ,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
NATHAN RASPER,[1] in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Miguel Angel Cruz Rodriguez's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1]. Respondents filed a response. Docket No. 5. Petitioner has replied. Docket No. 6.

## I. BACKGROUND

Petitioner is a citizen of Mexico, who has resided in the United States since 1999. Docket No. 1 at 22-23, ¶¶ 66-67. Petitioner was initially detained by Immigration and Customs Enforcement ("ICE") in October 2012 and was placed in removal proceedings. *Id.* at 23, ¶ 69. He was released on bond, and the removal proceedings were ultimately dismissed on August 30, 2023. *Id.*, ¶¶ 69-70. On October 3, 2026, petitioner was

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nathan Rasper is automatically substituted as a party in his official capacity.

arrested by the Weld County Sheriff's Office between 2:00 and 3:00 in the morning for a charge that has since been dismissed. *Id.*, ¶ 71. Around 8:45 a.m. that day, petitioner was transferred to ICE custody and was placed in new removal proceedings. *Id.* Petitioner alleges that he was arrested without a valid warrant, explaining that he "was not served or shown any I-200 Warrant authorizing his arrest or detention by ICE at the time ICE took him from the Sheriff's facility in Greeley, Colorado, but was only served with a putative I-200, among other documents,[ including a Notice to Appear ("NTA")], after he was already in ICE's custody." *Id.* at 3, ¶ 9. Petitioner further alleges that, because neither the I-200 warrant nor the NTA included time stamps, it was unclear that the NTA was issued before the warrant. *Id.* at 3, 25, ¶¶ 11-12, 85. Petitioner is currently detained at an immigration detention facility in Aurora, Colorado. *Id.* at 23, ¶ 72.

On November 3, 2026, petitioner filed a petition for habeas corpus. *See generally id.* Among other claims, petitioner challenges his "Unlawful Arrest and Detention in Violation of 8 U.S.C. §§ 1226(a) and 1357(a), and 8 C.F.R. § 236.1(b)(1)." *Id.* at 25. For relief, among other things, petitioner seeks his immediate release, without additional conditions or, alternatively, a custody redetermination hearing.

On November 13, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition." Docket No. 5 at 1. They acknowledged "that the Court may then decide to grant the Petition and award appropriate relief," and noted that the appropriate relief would be an order directing them to "<u>release</u> Petitioner from detention." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). The Department of Homeland Security regulations likewise permit immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b) (emphasis added); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025).

Courts in this District have "rejected the notion that an I-200 warrant issued either *after* or *concurrent* with an arrest made without an assessment of individual flight risk transforms an unlawful warrantless arrest into a lawful, warranted one." *Id.* at 1226; *Martinez-Salamanca v. Baltazar*, No. 26-cv-02410-PAB, 2026 WL 2083209, at *3 (D. Colo. July 20, 2026). The "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *5 (D. Colo. May 15, 2026) ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United*

*States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30-31 (D.D.C. 2025).

Petitioner argues that the government did not comply with these requirements when ICE detained him. Petitioner alleges that he was arrested without a valid warrant because the I-200 Warrant and NTA were not issued until after his arrest, such that his continued detention is unlawful. Docket No. 1 at 3, 5-6, ¶¶ 9, 15-16. Respondents do not contest that petitioner was arrested without a valid warrant. *See generally* Docket No. 5. Given petitioner's unrefuted claim that the NTA and I-200 warrant were not issued until after his arrest, the Court finds that petitioner was not arrested pursuant to a valid warrant, in contravention of § 1226(a).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 5. Therefore, they have waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

The Court finds that respondents lacked statutory authority to arrest petitioner, and his detention is thus unlawful. The habeas petition will be granted as to petitioner's claim that he was improperly arrested and detained without a warrant.[2] Respondents acknowledge that the appropriate relief would be an order directing them to release petitioner. Docket No. 5 at 1. Accordingly, the Court will order petitioner released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)).[3]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED.** It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order without imposing any conditions in excess of those already in place prior to petitioner's arrest. It is further

[2] Because the Court will order petitioner's release based on the warrantless arrest under the Immigration and Nationality Act, it will not reach petitioner's remaining claims and requests for relief.

[3] The Court will not grant petitioner's requests for injunctive relief, *see* Docket No. 1 at 31, because, at this stage, the Court finds that petitioner has not clearly established the necessity of his requested injunctive relief. *Ba v. Hagan*, No. 26-cv-04047-PAB, 2026 WL 2654063, at *2 n.1. Additionally, petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. Docket No. 1 at 31; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order, confirming that petitioner was released from custody.

DATED November 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge